**ORIGINAL**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

DEC 16 2010

J.T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL A. JEZ                                                                               PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:10cv570LG-RHW

CITY OF WAVELAND, MISSISSIPPI, a Municipal
Corporation, OFFICER EDWARD BESSE and JOHN
DOES I-V                                                   DEFENDANTS

## COMPLAINT-JURY TRIAL REQUESTED

    **COMES NOW**, the Plaintiff, Michael A. Jez, by and through his attorney of record, and files this, his *Complaint-Jury Trial Requested*, against the Defendants herein, City of Waveland, Mississippi, a Municipal Corporation, Officer Edward Besse and John Does I-V, and in support thereof, would state unto the Court as follows:

    1. The Plaintiff is an adult resident citizen of Hancock County, Mississippi.

    2. The Defendant, City of Waveland, Mississippi (hereinafter referred to as "City of Waveland"), a Municipal Corporation, is a political subdivision of the State of Mississippi, which may receive lawful service of process by this Honorable Court by serving a copy of the Complaint and Summons upon either the Mayor, David Garcia, or the Municipal City Clerk, Lisa B. Planchard at 407 Highway 90, Waveland, Hancock County, Mississippi 39576.

    3. The Defendant, Officer Edward Besse (hereinafter referred to as "Besse"), is an adult resident citizen of Hancock County, Mississippi, who may receive lawful service of process at his place of employment, Waveland Police Department, 407 Highway 90; Suite "O", Waveland, Hancock County, Mississippi 39576.

4. The Defendants, John Does I-V, are individuals or governmental entities who may be potential defendants to the present cause of action, but whose identities are unknown to the Plaintiff at this time, therefore the Plaintiff reserves the right to amend this Complaint at such time as these Defendants become known and identified to the Plaintiff.

## COUNT I.

## JURISDICTION

5. The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-3, in their entirety as if fully copied herein.

6. The Plaintiff invokes the Federal Question jurisdiction pursuant to *26 U.S.C. §§1331 and 1343* to obtain a judgment, plus all costs of court, reasonable attorney fees and damages suffered and sustained by the Plaintiff, Michael A. Jez, as a result of the Defendants' violation of the rights, privileges and immunities of the Plaintiff as guaranteed by the *Fourth, Fifth, Eighth and the Fourteenth Amendments to the United States Constitution,* and by the applicable Federal statues, more particularly, *42 U.S.C. §§ 1983 and 1988.*

## COUNT II.

## FACTS

7. The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-5, in their entirety as if fully copied herein.

8. On or about December 18, 2007, and at all times material herein, while the Plaintiff was not engaged in any criminal activity, the Defendants assaulted the Plaintiff by firing TASERS

into his body, causing the Plaintiff to lose control of his movements whereupon he fell onto the ground and rolled into a ditch. As a result of the assault committed by the Defendants while they were acting pursuant to a policy, practice and/or custom, as a police officer with the City of Waveland, Mississippi Police Department and other governmental entities the Plaintiff sustained injuries to his body, all of which have caused him to experience severe mental distress and emotional anguish, all of which entitles the Plaintiff to an award of damages. In this respect, the acts and omissions described herein were malicious, or in the alternative, deliberately indifferent and in reckless disregard to the safety needs of the Plaintiff.

## COUNT III.

## DEPRIVATION OF CIVIL RIGHTS (42 U.S.C §1983)

9. The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-7, in their entirety as if fully copied herein.

10. At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants commenced to engage in a course of conduct and to implement a policy, custom, use, plan or practice wherein the rights, privileges or immunities of the Plaintiff were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Plaintiff's right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America, and the corresponding provisions of the constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the

Fifth and Fourteenth Amendments to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, and the right against unreasonable searches and seizures pursuant to the Fourth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi. The violations complained of in this Complaint, include but are not limited to, the excessive use of force, deprivation of identifiable civil rights, *i.e.* life, liberty and/or property, the unnecessary wanton infliction of pain and emotional distress in light of the circumstances confronted by the Defendants, resulting in a deprivation that was sufficiently serious wherein the Defendants, acted maliciously by using force and physical violence designed and intended to cause the Plaintiff physical, mental and emotional harm, pain and humiliation and/or injury, and thereafter, evidence of deliberate indifference to the immediate needs of the Plaintiff, all of which cause or contributed to the injuries complained of in this Complaint.

11. At all times material hereto, the Defendants, their agents, their representatives and employees acted pursuant to the policies, regulations and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of or were pursuant to a governmental custom, usage or practice of the Defendants.

12. As a direct and approximate consequence of the Defendants' acts and omissions the Plaintiff was deprived of certain rights guaranteed by the Constitution of the United States of America, and the corresponding provisions by the Constitution of the State of Mississippi, and suffered immediate and irreparable injury to her person resulting in the deprivation of her constitutional rights, privileges, and immunities. Further, as a direct result thereof, the Plaintiff experienced severe pain, suffering, humiliation, degradation, mental distress and severe

emotional anguish.

## COUNT IV.

### FAILURE TO ADEQUATELY TRAIN AND SUPERVISE OFFICERS

13. The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-11 in their entirety as if fully copied herein.

14. The Defendants, City of Waveland, Mississippi and other governmental entities failed to provide adequate and competent training and/or supervision to its police officers in circumstances arising in the use of electrical TASER equipment. In this respect, the Defendant, City of Waveland, Mississippi, and other governmental entities are tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, practices, customs and procedures that were to be carried out by its police officers.

15. As a direct and proximate consequence of the aforementioned failures on the part of the City of Waveland, Mississippi and other governmental entities to properly develop, implement and otherwise devise a policy of adequate training and/or supervision for its police officers, the Plaintiff was deprived of certain constitutional rights, privileges and immunities which a properly trained and supervised police officer, would have known of the illegality of the acts and omissions on the part of the Defendants which led to the deprivation of the Plaintiff's civil rights, privileges, and immunities.

16. Further, the City of Waveland, Mississippi and other governmental entities failed to provide adequate training and supervision in the proper use of electric tasing equipment, such as was done to the Plaintiff herein, was so grossly negligent that it amounted to a deliberate indifference and disregard for the rights, privileges and immunities of the Plaintiff and any other

person or persons similarly situated. Thus, because of the failure to act, train and/or supervise by the City of Waveland, Mississippi and other governmental entities, the aforementioned Defendants are liable for the Plaintiff's assaults and excessive use of force committed against him by the Defendants pursuant to *42 U.S.C. §1983*. The Plaintiff is entitled to a monetary judgment against the Defendants, both jointly and severally.

## COUNT V.

### NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

17. The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-15 in their entirety as if fully copied herein.

18. The Defendant, City of Waveland, Mississippi, acting by and through its Chief of Police, was vested with the authority to hire, fire, transfer employees of the City of Waveland, Mississippi Police Department. On information and belief, the Plaintiff contends that Officer Edward Besse should never have been hired and/or retained by the City of Waveland, Mississippi Police Department because he is both mentally and psychologicaly unfit to serve in a capacity such as the one he served on the date in question.

19. Furthermore, based upon information and belief, the Plaintiff contends that over the course of his employment with the City of Waveland, Mississippi Police Department, Officer Besse had received numerous complaints about incidents of abuse, excessive use of force, etc. In this respect, the decision by the City of Waveland, Mississippi, acting by and through its Chief of Police, to hire, retain and not discipline the Defendant, Besse, resulted in a creation of an edict act or hostile environment within the City of Waveland, Mississippi Police Department. As a

direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective actions in the past, regarding Officer Edward Besse, the Defendants are liable for the acts and omissions committed against the Plaintiff as described hereinabove, pursuant to *42 U.S.C. §1983*. Thus, the Plaintiff is entitled to a monetary judgment against the Defendants, both jointly and severally.

## COUNT VI.

## EXCESSIVE FORCE

20. The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-18 in their entirety as if fully copied herein.

21. As a direct and proximate consequence of the acts and omissions on the part of the Defendants as described hereinabove, the Defendants committed an excessive use of force causing certain physical injuries, to such an extent, that he required medical treatment. As a direct and proximate consequence thereof, the Defendants are liable for the acts and omissions committed against the Plaintiff as described hereinabove pursuant to *42 U.S.C. §1983*. Thus, the Plaintiff is entitled to a monetary judgment against the Defendants, both jointly and severally.

## COURT VII.

## ATTORNEY FEES

22. The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-26, in their entirety as if fully copied herein.

23. The Plaintiff contends that she is also entitled to the awarding of reasonable attorney fees as a part of the costs of prosecuting the present cause of action pursuant to the *Civil Rights*

*Attorney's Fees Award Act 42 U.S.C. §1988.*

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays for the following relief:

(a) Enter a monetary judgment in favor of the Plaintiff and against the Defendants, jointly and severally, both in their official and individual capacities, for the actual or compensatory and presumed damages sustained by the Plaintiff pursuant to *42 U.S.C. § 1983,* for the violations of of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and the corresponding provisions of the Constitution of the State of Mississippi arising out of the facts and violation of duties, as described hereinabove, for which the Defendants should be held liable and responsible in an amount to be determined by a jury in excess of the sum of Seventy-five Thousand dollars ($75,000.00);

(b) A judgment in favor of the Plaintiff and against the Defendant, Edward Besse and John Does I-V for punitive and/or exemplary damages, for the outrageous, wilful, wanton excessive force and intentional conduct that resulted in the gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the Plaintiff in an amount to be determined by a jury in excess of the sum of Seventy-five Thousand dollars ($75,000.00);

(c) A judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the Plaintiff's reasonable attorney fees, pursuant to *Civil Rights Attorney's Fees Award Act 42 U.S.C. §1988*, plus all costs of this action and related litigation expenses and fees as well as all prejudgment and post-judgment interest as allowed by law;

(d) A judgment for such other, general or specific relief, which the Court may deem appropriate and to which the Plaintiff duly prays.

**RESPECTFULLY SUBMITTED**, this the 16th.day of December, A.D., 2010.

                                                   Michael A. Jez, Plaintiff

                                                 DAVID C. FRAZIER, MSB#5520

David C. Frazier, Esquire
**Frazier Law Firm, PLLC**
706 Watts Avenue
Post Office Box 1170
Pascagoula, MS 39568-1170
Telephone: (228) 769-7754
Facsimile: (228) 769-7967
MS Bar No. 5520