IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL A. JEZ**                                                                                    **PLAINTIFF**

v.                                                                                    CAUSE NO. 1:10CV570-LG-RHW

**CITY OF WAVELAND, MISSISSIPPI;
EDWARD BESSIE; and JOHN DOES
I-V**                                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Summary Judgment [34] filed by the Defendants, the City of Waveland, Mississippi, and Officer Edward Besse (together, the "City"). Plaintiff has responded, and the City has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury. Accordingly, summary judgment will be granted in favor of the Defendants.

FACTS AND PROCEDURAL HISTORY

Jez agrees with the City's recitation of the facts of this case. According to the City, Jez has experienced schizophrenic episodes over the last twenty years that he says cause him to "lose track of reality" and "start imagining things that aren't really there." (Def. Mot. Ex. 1-a, 12, 42, ECF No. 34-1). During these episodes, Jez "start[s] being uneasy and start[s] pacing, marching around and just talking out of my head." (*Id*. at 42). He imagines people are attacking him. (*Id*. at 45). Under the influence of schizophrenic episodes, he does things that put his life in danger. (*Id*. at 54).

In 2003, police were called when Jez drove his truck onto railroad tracks and collided with an oncoming train. In 2007, police had to track down Jez after he jumped from an ambulance on Highway 90. In January 2011, Jez got into a physical altercation with police, then dove off a second floor balcony because he believed officers were shooting laser beams through the wall at him.

The incident giving rise to this lawsuit occurred on December 18, 2007, when Jez began experiencing a schizophrenic episode at house trailer belonging to his girlfriend. He was not taking any medication for schizophrenia at the time. (*Id*. at 47). He marched around the trailer saying he was a soldier and singing the national anthem. At some point, he broke a chest and began yelling. Jez's girlfriend then called 911.

The Hancock County Sheriff's Department asked for assistance from the Waveland Police Department in responding to the call. Hancock County had knowledge of Jez's past behavior and wanted to have the option of subduing him with a taser. Waveland police officer Edward Besse was dispatched to the scene and was advised Jez was behaving violently. When Besse arrived at the scene, Jez was screaming and yelling at Hancock County deputies, flailing his arms and running in and out of the trailer and around the yard. Jez then stripped naked and began shouting serial numbers while continuing to run around the yard.

An ambulance had arrived and the officers repeatedly told Jez to calm down and go with ambulance personnel. He ignored the officers' requests. The responding officers could not get close enough to physically apprehend Jez, as he

kept running away.  Besse warned Jez that he needed to calm down or he would deploy his taser.  Jez continued yelling and ran toward Besse and in the direction of a busy street.  Besse deployed the taser.  Jez, now subdued, was taken to the hospital via ambulance.  He believed the schizophrenic episode began to wear off at that point, as he realized he was experiencing an episode and calmed down.  (*Id.* at 43).  At the hospital, he was treated for schizophrenia and a minor abrasion on his chest from the taser barb.

DISCUSSION

A.  <u>The Legal Standard</u>

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court must view the evidence in the light most favorable to the non-moving party.  *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  A "material fact" is one that might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.*

The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A party seeking summary judgment bears the initial burden of

identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id*. at 324-25.

  B. The Applicable Constitutional Standard:

  In his Amended Complaint, Jez claims the City violated his Fourth, Fifth, Eighth and Fourteenth Amendment rights by using excessive force during the encounter. Specifically, he believes the City should have subdued him in a way that did not involve using a taser. Further, he claims the City failed to adequately train or supervise officers, and that the City negligently hired, retained, and failed to discipline officers. He seeks vindication pursuant to 42 U.S.C. § 1983 and attorney's fees pursuant to 42 U.S.C. § 1988. (Am. Compl. 2 (¶ 6)). However, the Fourth Amendment alone provides the standard for analyzing Plaintiffs claims.

  First, the due process and other protections of the Fifth Amendment apply only to violations of constitutional rights by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)). Jez does not allege that any defendant here was acting under authority of the federal government, and therefore has no cause of action under the Fifth Amendment.

  Furthermore, the Fifth Circuit has consistently held that the protections of the Eighth Amendment apply only to convicted inmates, not suspects or even pretrial detainees. *See, e.g., Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th

Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Jez concedes he was never arrested, much less prosecuted. (Def. Mot. Ex. 1-c, 161, 164, ECF No. 34-3). Consequently, he has no claim under the Eighth Amendment. *See, e.g., Abshure v. Prator*, 392 F. App'x. 267, 268 (5th Cir. 2010) (The "Eighth Amendment applies to treatment of prisoners, not pretrial detainees.").

Finally, Jez cannot pursue his excessive force claims via the Fourteenth Amendment. To maintain a Fourteenth Amendment equal protection claim, Jez must allege that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985)). His Amended Complaint does not mention equal protection, and he concedes that the City did not treat him differently based on his race or other protected status. (Def. Mot. Ex. 1-c, 165, ECF No. 34-3). Further, his Amended Complaint does not allege that he was denied procedural due process, he conceded that the City never failed to provide any procedural protections, (*id.*), and he agrees in his response that his allegations do not state a procedural due process claim.

The only possible remaining claim is in the form of a substantive due process claim possibility under the Fourteenth Amendment. However, where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular kind of government action, "that Amendment, not the more

generalized notion of substantive due process, must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Fourth Amendment, rather than the Fourteenth, governs the use of force by police in apprehending a suspect. *See Lytle v. Bexar Cnty, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009); *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994).

    C. Fourth Amendment Analysis

The Fourth Amendment protects a free citizen, who is the subject of a seizure, from excessive force. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The standard for analyzing an excessive force claim under the Fourth Amendment is a reasonableness standard. *Id.* This right is violated if there is (1) more than a de minimis injury, (2) which resulted directly and only from the use of force that was excessive to the need, and (3) the force was objectively unreasonable. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992); *Heitschmidt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998). To judge objective reasonableness under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397.

Tasers and stun guns fall into the category of non-lethal force. *Bryan v. MacPherson*, 630 F.3d 805, 825 (9th Cir. 2010) (citing *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009); *United States v. Fore*, 507 F.3d 412, 413 (6th Cir. 2007); *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962,

969, n. 8) (9th Cir. 2005)).  Nevertheless, all force, lethal and non-lethal, must be justified by the need for the specific level of force employed.  *Bryan*, 630 F.3d at 825 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

Assuming that the minor abrasion Jez received from the taser barb constituted more than a de minimus injury, the uncontested facts in this case demonstrate that the officer's use of force was objectively reasonable.  Officer Besse knew that Jez was mentally unstable, had a history of endangering himself and others, and was actively resisting police commands.  Besse warned Jez he would have to use the taser if Jez did not stop trying to evade paramedics and officers.  Jez's movements toward Officer Besse caused him to believe Jez was either a threat to him, or a threat to run onto the busy street behind him.  It became crucial for the officers to take control the situation.

Courts examining similar circumstances have found no Fourth Amendment violation by use of a taser.  *See Floyd v. Corder*, 426 F. App'x 790, 792 (11th Cir. 2011) (use of taser reasonable where man was yelling at nephew, refused to comply with instructions to stop, and slapped away deputy's hand); *Mattos v. Agarano*, 590 F.3d 1082, 1089 (9th Cir. 2010) (use of taser reasonable where woman stood between officer and suspect and put hand on officer's chest);  *Draper v. Reynolds*, 369 F.3d 1270, 1278 (11th Cir. 2004) (use of taser reasonable in response to repeated refusal to obtain documents from a truck cab and use of profanity). Likewise, officer Besse's use of non-lethal force, in the form of a taser, to subdue and

apprehend Jez was objectively reasonable under the circumstances then apparent. Accordingly, the Court finds no Fourth Amendment violation in this case. Officer Besse is entitled to judgment as a matter of law.

In as much as Jez is unable to show the violation of a constitutional right, it follows that he is also unable to establish any liability on the part of the City of Waveland. To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Jez provided no evidence of an official municipal policy regarding the use of tasers. Even assuming that Officer Besse's actions were in compliance with an official policy of the City of Waveland, those actions did not violate a federally protected right. Similarly, even if Jez had provided evidence that the City had a policy of inadequately training and hiring police officers, that policy did not result in violation of a federally protected right. Accordingly, Jez's 42 U.S.C. § 1983 claims against the City of Waveland are without merit. The City of Waveland is entitled to judgment as a matter of law.

Finally, it appears that Jez alleges a negligence claim against the City in the Count entitled "Negligent Hiring, Retention, and Failure to Discipline or Take Necessary Corrective Action." (Am. Compl. ¶¶ 17-19). Although this claim is purportedly brought pursuant to Section 1983, (*id.* ¶ 19), Section 1983 provides no redress for negligence. *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Jez's attempt to bring a negligence

claim under 42 U.S.C. § 1983 thus fails as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [34] filed by Defendants, the City of Waveland, Mississippi, and Officer Edward Besse, is **GRANTED**. Plaintiff's claims against these Defendants are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that if Plaintiff intends to pursue his claims against the John Doe Defendants, he shall file an amended complaint identifying the same within 30 days of the date of this Order. Failure to do so may result in dismissal of these claims.

**SO ORDERED AND ADJUDGED** this the 23rd day of January, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE